# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES A. SILFIES, | : | CIVIL NO. 1:CV-02-1777 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| SUPERINTENDENT WALSH, | : | |
| Respondent | : | |

## MEMORANDUM

This case is before the Court on Petitioner Charles A. Silfies' Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) filed on November 8, 2012. (Doc. No. 13.) Silfies is currently an inmate confined at the State Correctional Institution at Dallas, Pennsylvania. For the reasons explained herein, the motion will be denied.

## I.     Background

On October 4, 2002, Silfies filed a petition for writ of habeas corpus in the above matter wherein he attacks a conviction imposed by the Court of Common Pleas for Carbon County of twenty-three offenses stemming from the repeated sexual abuse of a minor child. He was sentenced on June 30, 1997 to an aggregate term of twenty-three and one-half to forty-seven years imprisonment. Silfies filed a timely direct appeal to the Pennsylvania Superior Court which affirmed the judgment of sentence on July 14, 1998. On December 18, 1998, the Supreme Court of Pennsylvania denied a petition for allowance of appeal.

On July 1, 1999, Silfies filed a timely pro se PCRA petition. Although counsel was thereafter appointed and Silfies granted leave to file an amended counseled petition, no amended petition was filed. Following an evidentiary hearing on May 23, 2000, the PCRA petition was

denied on June 13, 2000. On April 11, 2001, Silfies was granted permission to file an appeal nunc pro tunc after stipulation that he had not received notice of the order denying his petition. New counsel was appointed, and the Superior Court thereafter affirmed the June 13, 2000 denial of the PCRA petition. A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on April 23, 2002. This federal habeas petition was thereafter filed in the United States District Court for the Western District of Pennsylvania, and thereafter transferred to this Court. In the petition, the following grounds are raised:

> (1) Due process rights violated based upon the Commonwealth's failure to fix the dates when the alleged offenses occurred and therefore the Judgment of Sentence must be vacated;
>
> (2) Due process rights violated by trial court when it permitted the Commonwealth to present evidence of criminal conduct for which Petitioner had not been charged;
>
> (3) Due process rights violated when trial court erroneously dismissed Petitioner's motion alleging a violation of the statute of limitations;
>
> (4) Counsel was ineffective for failing to timely appeal from the trial court's PCRA petition and for failing to notify Petitioner of the decision; and
>
> (5) Prosecutorial misconduct in the form of the prosecutor interjecting his own beliefs in the closing argument.

(Doc. No. 1.) Following service of the petition, a response and supporting exhibits were filed on January 21, 2003. (Doc. Nos. 6-8.) On December 30, 2003, this Court issued a Memorandum and Order denying the petition and finding no basis for the issuance of a certificate of appealability. (Doc. No. 12.) Specifically, this Court found that Silfies' prosecutorial misconduct ground was procedurally defaulted and he had not demonstrated cause and prejudice or a fundamental miscarriage of justice thereby excusing said default. The remaining four (4) grounds raised in the petition were addressed on the merits and denied.

On November 8, 2012, Silfies filed the pending Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 13). The motion is based on the United States Supreme Court's decision in <u>Martinez v. Ryan</u>, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which held that ineffectiveness of post-conviction counsel may serve to excuse the procedural default of claims alleging trial counsel ineffectiveness. Silfies believes that <u>Martinez</u> provides a proper ground for this Court to reopen his federal habeas proceeding. For the reasons that follow, the motion will be denied.

**II.  Discussion**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." <u>Gonzalez v. Crosby.</u> 545 U.S. 524, 535 (2005).

**A.  Second or Successive Petition**

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In <u>Gonzalez</u>, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." <u>Id</u>. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." <u>Id</u>. at n. 4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits

3

determination was in error –for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

Upon review, it appears that Silfies seeks to bring new claims before this Court–claims that were not raised in his federal habeas petition. To the extent he seeks to do so his motion will be denied as an unauthorized second or successive petition for habeas relief. Silfies must first file an application to the Third Circuit Court of Appeals and be granted permission to file a second or successive petition pursuant to 28 U.S.C. § 2244(b). Nevertheless, even assuming Silfies' motion was properly brought pursuant to Rule 60(b), it would be denied for the reasons that follow.

**B.      Extraordinary Circumstances**

The Supreme Court has required a showing of "extraordinary circumstances" to justify the reopening of a final judgment and has recognized that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

To the extent Silfies argues that the Supreme Court's decision in Martinez constitutes extraordinary circumstances sufficient to reopen a final judgment under Rule 60(b), the Court finds that it does not. In Vogt v. Coleman, 2012 WL 2930871, *4 (3d Cir. 2012), the Third Circuit stated that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Specifically, the Third Circuit found as follows:

> Martinez held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of

4

ineffective assistance at trial." Martinez, 132 S.Ct. 1t 1315. Martinez qualified the Supreme Court's holding in Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) and recognized a "narrow exception" to what was settled law that post-conviction counsel's ineffectiveness was irrelevant to establishing cause for procedural default. However, Martinez did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition. See Kingsberry v. Maryland, No. AW12-1556, 2012 U.S. Dist. LEXIS 77746, at *2-3, 2012 WL 2031991 (D.Md. June 4, 2012)("Martinez did not address equitable tolling in the context of ineffective assistance of counsel"); Heard v. Hobbs, No. 5:12-CV-00091, 2012 U.S. Dist. LEXIS 68344, at *1-2 (E.D. Ark. May 16, 2012)(citing court's ruling in petitioner's related case finding that "the holding in Martinez in no way relates to timeliness of a federal habeas petition:"); Heard v. Hobbs, No. 5:11–CV-000218, 2012 U.S. Dist. LEXIS 67541, at *1-2 (E.D. Ark. May 15, 2012)(same). As such, Martinez provides no relief to Petitioner.

Vogt, 2012 WL 2930871, *4). As such, this Court also finds that Martinez does not support a finding of extraordinary circumstances.

Moreover, even if the Supreme Court's ruling in Martinez could constitute "extraordinary circumstances" so as to warrant relief from a long-standing judgment, there is nothing in Martinez that is applicable to Silfies' situation. In Martinez, the Supreme Court held that inadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. In the instant case, Petitioner raised five (5) grounds in his federal habeas petition, only one (1) of which was an ineffective assistance of trial counsel claim. This claim was exhausted in the state courts and was considered and rejected on its merits by this Court. There was no procedural default of this claim that prevented a resolution of his claim on the merits such that Martinez would even be applicable.

Martinez simply does not provide a vehicle to open the judgment of this Court entered on December 3, 2003. As such, the Rule 60(b) motion will be denied. An appropriate order

5

follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES A. SILFIES,<br>Petitioner | :<br>: | CIVIL NO. 1:CV-02-1777 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SUPERINTENDENT WALSH,<br>Respondent | :<br>: | |

# ORDER

**AND NOW, THIS 17th DAY OF JUNE, 2013**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is **denied**.

                                              S/ Yvette Kane
                                              YVETTE KANE, Chief Judge
                                              Middle District of Pennsylvania